PRATT MANUFACTURING COMPANY, RESPONDENT, *v.* JORDAN IRON AND CHEMICAL COMPANY, APPELLANT.

*Pleading — a denial upon information and belief is bad — Code of Civil Procedure, sec.* 500.

MOTION for a reargument.

The appeal in this case was decided in May, 1884, the opinion of DAVIS, J., being reported *supra* (p. 153). The defendant's answer had been stricken out, on the ground that the denials therein contained did not conform to the requirements of section 500 of the Code of Civil Procedure. They were made upon information and belief.

The court, at General Term said: "The motion has been made because of the omission of the court, in its opinion, to consider section 524 of the Code of Civil Procedure, and the case of *Brotherton* v. *Downey* (21 Hun, 436). This section relates to and prescribes the manner in which a pleading is to be verified, and is declaratory of the effect of the verification; while the controlling difficulty found by the court in the case was the form of the pleading itself, and that cannot be changed by the circumstance that the affidavit verifying the answer was not entirely consistent in its form with the answer itself. The difficulty with the pleading has already been pointed out. It contained no

denial in the form in which the Code has positively provided that denials shall be made, but it alleged that upon information and belief the defendant denied each and every allegation in the complaint contained, except those stating that the plaintiff and defendant were domestic corporations. And this form of denial was not permitted by section 500 of the Code of Civil Procedure, prescribing the only forms in which denials may be made. The answer was not framed in such a manner accordingly as to create a denial, and as long as it contained no denial, the allegations of the complaint were required to be regarded as admitted. Whatever may have been the form of the affidavit verifying the answer, it could not in any way change the answer itself, and that under this section of the Code was insufficient. In *Brotherton* v. *Downey (supra)*, the answer was partially framed in this form, but other denials were contained in it which were made as the Code required that to be done. The others framed a substantial issue, and it was not important therefore that those inartificially inserted should be stricken out. The particular defect existing in their statement does not seem to have received attention. It may very well have been diverted from them by reason of the circumstance that the more material averments in the complaint were properly denied, and it may have been inferred from that fact that the inartistic or unauthorized manner in which the other denials were made, was of no importance. In *Swinburne* v. *Stockwell* (58 How. Pr., 312), a denial in the form of that contained in this answer was deemed to be unauthorized, and so it was by the General Term of the Third Department in *Powers* v. *Rome, etc., Railroad Company* (3 Hun, 285). In addition to these authorities, the statutory provision contained upon the same subject in the Code permits no such form of pleading.

"A reargument of the motion would be of no advantage to the defendant therefore, and it should be denied, with the usual costs of motion."

*Dill & Chandler*, for the appellant.

*Charles H. Knox*, for the respondent.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Motion denied, with ten dollars costs.